UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DANIEL JOHN ESSEK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No.08-379-GFVT |
| | ) | |
| V. | ) | |
| | ) | **ORDER** |
| BARACK HUSSEIN OBAMA, II, | ) | |
| | ) | |
| Defendant. | ) | |

**\*\*\* \*\*\* \*\*\* \*\*\***

This matter is before the Court upon the pro se Plaintiff's Motion and Affidavit in Support of Motion for Leave to Proceed In Forma Pauperis [R.6], his Motion for Reclassification [R. 5], and his Request for Injunction and Prohibition [R. 5]. For the reasons set forth below, Mr. Essek's Motion for Leave to Proceed In Forma Pauperis and Motion for Reclassification are granted. Because the Court lacks subject matter jurisdiction, however, this case is dismissed.

**I.**

In his Motion regarding pauper status, Mr. Essek avers that he has a monthly income of $1,200.00. [R. 6 at 2.] He also states, however, that he has monthly expenses of $1,795.00. [*Id.* at 4.] In *Foster v. Cuyahoga Dept. of Health and Human Servs.*, 21 Fed. Appx. 239, 240 (6th Cir. 2001), the Sixth Circuit noted that "[a]lthough pauper status does not require absolute destitution, the question is whether the court costs can be paid without undue hardship." Thus, in order to make a decision regarding whether or not to grant pauper status, a court must look at the facts and circumstances of the particular case in front of it. Here, the Court finds that requiring Mr. Essek to pay the filing fee would cause him undue hardship. Therefore, the Court grants Mr.

1

Essek's motion. He will be allowed to proceed in forma pauperis.

## II.

Mr. Essek submitted his pro se civil complaint on November 25, 2008. For docketing purposes, the Clerk of the Court construed the submission as one seeking relief under the Freedom of Information Act ("FOIA"). In a recent filing, however, Mr. Essek appears to abandon his initial FOIA request, and asks the Court to reclassify his case as one arising under the federal constitution, specifically the Natural Born Citizen Clause.[1] [R. 5.] Because the Court is required to construe a pro se litigant's filings liberally, the Court grants Mr. Essek's request. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## III.

Mr. Essek's complaint appears to assert a judicial challenge to President-Elect Barack Obama's qualifications for the Office of President of the United States. Mr. Essek implies that President-Elect Obama is not a natural born citizen of the United States in violation of the Natural Born Citizen Clause located at Article II, Section 1, clause 5 of the United States Constitution. Specifically, the Natural Born Citizen Clause reads: "No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President. . . ." U.S. Const. Art. II, § 1, cl. 5. Mr. Essek thus asks the Court to enjoin the inauguration of President-Elect Obama that is set to take place on

---

[1] It has perhaps come to Mr. Essek's attention that he does not have a viable claim under FOIA, as such claims can only be asserted against agencies. *See Comer v. IRS*, 831 F.2d 294, 1987 WL 38730, at *1 (6th Cir. 1987). *See also Berg v. Obama*, 574 F. Supp. 2d 509, 526 (E.D. Penn. 2008).

January 20, 2009.

Mr. Essek is not the first plaintiff to challenge President-Elect Obama's qualifications in federal district court. Plaintiffs raised similar arguments in *Berg v. Obama*, 574 F. Supp. 2d 509 (E.D. Pa. 2008), *Cohen v. Obama*, 2008 WL 5191864 (D.D.C. Dec. 11, 2008), and *Stamper v. United States*, 2008 WL 4838073 (N.D. Ohio Nov. 4, 2008). All three plaintiffs have been unsuccessful. In *Berg*, the court dismissed a claim brought under the Natural Born Citizen Clause on the ground that the court lacked subject matter jurisdiction to hear the suit. *Berg* 574 F. Supp. 2d at 519. Similarly, the courts in *Cohen* and *Stamper* dismissed citing a lack of jurisdiction. *See Cohen*, 2008 WL 5191864, at *1; *Stamper*, 2008 WL 4838073, at *3-*4. In reaching the same conclusion, this Court need not repeat the extensive findings set forth by these other courts in recent weeks and months.

As a preliminary matter, the Court notes that subject matter jurisdiction is necessary for the exercise of federal judicial power. *Richmond v. International Business Machines Corp.*, 919 F. Supp. 107 (E.D.N.Y. 1996). Either the court, *sua sponte*, or a party may assert the lack of subject matter jurisdiction at any time during the course of an action. *Franzel v Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992). Pursuant to Federal Rule of Civil Procedure 12(h)(3), a court must dismiss an action if it determines that it lacks subject matter jurisdiction.

Article III of the Constitution limits the subject matter jurisdiction of the federal courts to "cases" and "controversies." U.S. Const., Art. III, Sect. 2, cl. 1. *See also Hollander v. McCain*, 566 F. Supp. 2d 63, 67 (D.N.H. 2008) (*citing Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982)). As part of this requirement, a plaintiff must have standing. *Berg*, 574 F. Supp. 2d at 516 (*citing Sprint Communications. Co. v.

*APCC Servs.,* 128 S. Ct. 2531, 2535 (2008)). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992)). The party bringing a claim bears the burden to show that he or she has standing to bring it. *Hollander*, 566 F. Supp. 2d at 67 (*citing Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004)).

Here, Mr. Essek has not expressly argued how he has standing to bring the instant lawsuit. Construing his filings liberally, the Court assumes that Mr. Essek bases his standing on his status as a United States citizen and voter. In *Berg*, however, the court explained that the Supreme Court has

> consistently held that a plaintiff raising only a generally available grievance about government–claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large–does not state an Article III case or controversy.

*Berg*, 574 F. Supp. 2d at 517 (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. at 573-74). Thus, the *Berg* court rejected the plaintiff's challenge to President-Elect Obama's candidacy brought under the Natural Born Citizen Clause. According to the court, the plaintiff's "stake [was] no greater and his status no more differentiated than that of millions of other voters." *Id.* at 519. Therefore, the plaintiff could not establish an injury in fact, an essential element of standing, and the court lacked jurisdiction to hear the case. *Id.* The *Cohen* court reached the same result.

4

*Cohen*, 2008 WL 5191864, at *1.

In *Hollander v. McCain*, 566 F. Supp. 2d 63, 64 (D.N.H. 2008), the court addressed a similar challenge to Senator John McCain's candidacy under the Natural Born Citizen Clause. The court granted the defendants' motion to dismiss the suit. *Id.* at 71. The *Hollander* court considered it "settled. . .that an individual voter like Hollander lacks standing to raise that challenge in the federal courts" because he cannot show a sufficient injury. *Id.* According to the court, "[w]hatever the contours of" the Natural Born Citizen Clause, "Article III has been definitively read by the court to confer no jurisdiction over this kind of action." *Id.*[2]

Like the plaintiffs in *Berg* and *Hollander*, Mr. Essek has not and cannot allege that the inauguration of President-Elect Obama, in spite of his alleged failure to meet the qualifications of the Natural Born Citizen Clause, will cause him to suffer a particularized harm that is different from the harm faced by every other citizen and voter in the United States. Further, the relief he seeks "no more directly and tangibly benefits him than it does the public at large. . . ." *See Lujan*, 504 U.S. at 573-74. Therefore, Mr. Essek cannot demonstrate a sufficient injury, and he does not have standing to bring this lawsuit. Consequently, the Court does not have jurisdiction to hear it.

---

[2] Notably, the Supreme Court recently declined to hear an appeal from a New Jersey state court case in which the plaintiff contended that President-Elect Obama could not be considered a natural-born citizen because he had dual nationality at birth. *See* Kate Phillips, *Justices Turn Back A Challenge on Obama*, N.Y. TIMES, Dec. 9, 2008, at A27; *Donofrio v. Wells*, 2008 WL 5115737 (U.S. Dec. 8, 2008).

**IV.**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that:

1. The Plaintiff's Motion for Leave to Proceed In Forma Pauperis [R. 6] is **GRANTED**;

2. The Plaintiff's Motion for Reclassification [R. 5] is **GRANTED**;

3. This case is **DISMISSED**; and

4. This case is stricken from the Court's active docket.

This the 15th day of January, 2009.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge